U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

JUL 2 5 2007

ROBERT H. SHEMWELL, CLERK
BY _____
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

TROY DELL SMITH                    DOCKET NO.  07-cv-0837

VERSUS                             JUDGE DRELL

ROBERT DISTEFANO, ET AL.           MAGISTRATE JUDGE KIRK

---

### REPORT AND RECOMMENDATION

Before the court is Plaintiff Troy Dell Smith's *pro se* civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* on May 14, 2007.  Plaintiff is incarcerated at the Point Coupee Detention Center in New Rhodes, Louisiana.[1]  He complains of a false arrest and unlawful detention that allegedly occurred on August 28, 2006, in Alexandria, Louisiana.  Plaintiff names as defendants Robert Distefano, George Tynes, and the City of Alexandria.  [Doc. #1, p.3]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### FACTUAL BACKGROUND

Plaintiff alleges that, on August 28, 2006, Sgt. Distefano and another officer of the Alexandria Police Department ("APD") arrived

---

[1]The undersigned notes that, while Plaintiff is currently incarcerated, he claims that this incarceration is unrelated to the arrest for burglary or imprisonment that is the subject of this lawsuit.

at Plaintiff's residence and placed Plaintiff under arrest for burglary, pursuant to an arrest warrant. [Doc. #1-1, p. 4, 5] Plaintiff was taken to the "Detectives Division" of the Alexandria Police Department where he was placed under arrest again after questioning.  Plaintiff alleges that he was incarcerated for two and one-half months and that charges were never filed.

Plaintiff complains that, because of his wrongful detention, he lost his job, lost weight due to depression, missed a scheduled hernia surgery, and continues to suffer from anxiety.  He complains that his wife also suffered from depression as a result of his incarceration.

Plaintiff seek monetary damages as compensation for the violation of his Civil Rights guaranteed by the United States Constitution.

### LAW AND ANALYSIS

In this instance, Plaintiff complains that he was falsly arrested and imprisoned in violation of his constitutional rights. To prevail on a §1983 claim for false arrest and false imprisonment, the plaintiff must first show that the officers did not have probable cause to arrest him.  See Haggerty v. Texas Southern Univ., 391 F.3d 653, 655-56 (5th Cir. 2004); Brown v. Lyford, 243 F.3d 185, 189 (5th Cir. 2001)("The 'constitutional torts' of false arrest... and false imprisonment... require a showing of no probable cause."); see also Maier v. Green, 485

2

F.Supp.2d 711 (W.D.La. 2007)(citations omitted). The plaintiff also has to show that he suffered an injury as a result of the false arrest. Additionally, to prove false imprisonment, the plaintiff has to prove that the defendant acted with the intention of confining, that the defendant's acts directly or indirectly resulted in such confinement, that the confinement was unlawful, and that the plaintiff was conscious of the confinement or was actually harmed by it. See Green v. Tilley, 2006 WL 220847 (W.D.La. 2006).

According to Plaintiff, he was arrested pursuant to a warrant. "Where an arrest is made under authority of a properly issued warrant, the arrest is simply not a false arrest." Maier v. Green, 485 F.Supp.2d 711 (W.D.La. 2007), citing Rodriquez v. Ritchey, 556 F.2d 1185 (5th Cir.1977); Baker v. McCollan, 443 U.S. 137, 139 (1979); Simon v. United States, 644 F.2d 490 (5th Cir.1981); Smith v. Gonzales, 670 F.2d 522, 526 (5th Cir.), cert. denied, 459 U.S. 1005 (1982). "[U]ndisputed evidence that an arrest was effectuated under a facially valid arrest warrant satisfies the Fourth Amendment prerequisites and forecloses a § 1983 claim for false arrest." Id.,(citing Casanova v. City of Brookshire, 119 F.Supp.2d 639, 652 (S.D.Tex.,2000)(citations omitted). Plaintiff does not dispute the validity of the warrant. Plaintiff's argument in challenging his arrest and detention is (1) that he was innocent of the offense and that, (2) because no charges were ultimately filed,

3

his arrest and imprisonment were unlawful.

Assuming Plaintiff was innocent of burglary and no charges were ultimately filed, the Constitution does not guarantee that only the guilty will be arrested.  If that were the case, every defendant acquitted and every suspect released would have a cause of action under § 1983.  Such is not the case.  See Criner v. Pruitt, 2003 U.S. Dist. LEXIS 20380 (D. Tex. 2003)(citing Baker v. McCollan, 443 U.S. 137, 145 (1979)).

Plaintiff does not complaint that the officers lacked probable cause, nor does he dispute the validity of the warrant.  His only argument is that he was actually innocent, which cannot sustain a false arrest or false imprisonment claim.

Therefore,

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date**

4

of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

     **THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _____ day of July, 2007.

                                          _____
                                          JAMES D. KIRK
                                          UNITED STATES MAGISTRATE JUDGE